Appellant Shelly Poulton and her husband adopted two children from Guatemala: Lola and Luis. On March 16, 1998, appellee the Stark County Department of Human Services filed a complaint alleging that the children were neglected and abused, and seeking temporary custody.
Following the emergency shelter care hearing, at which the court found probable cause existed for the removal of the children, the court ordered that appellant's visitation must be approved by the children's therapist.
The case proceeded to an adjudicatory hearing on the motion for temporary custody. Appellant and her husband stipulated to the facts of the complaint, and to a finding of dependency. Following the dispositional portion of the hearing, the court awarded temporary custody of the children to DHS. The court further ruled that the no-contact order between the children and mother should remain in place, as the children's safety was at risk. The case plan was adopted as filed.
Following a semi-annual review on September 9, 1998, the no-contact order between the mother and the children remained in place. On December 9, 1998, appellant filed a motion for visitation and legal custody of the children. A hearing on her motion took place on December 22, 1998. As appellant was only beginning counseling, and had not yet sought a psychiatric evaluation, an evidentiary hearing was set for May 26, 1999, at which time appellant should have completed Goodwill parenting classes.
On January 26, 1999, appellee filed a motion to extend temporary custody. A hearing was held on February 12, 1999. By judgment filed February 18, 1999, the court adopted the case plan review packet, extended temporary custody to DHS, and granted the motion of counsel for appellant to withdraw. The court noted in its judgment that appellant was seeking visitation, and the issue was set for evidentiary hearing on May 26, 1999.
Appellant assigns three errors on appeal of this judgment:
ASSIGNMENTS OF ERROR
 I. CASE PLAN OF THE POULTON FAMILY CALLS FOR REUNIFICATION OF THE FAMILY AS AN OVERALL GOAL, OR CONCERN, BUT PLAN DOES NOT ADDRESS REINTEGRATION OF THE FAMILY UNIT.
 II. HEARING ON MOTIONS FOR VISITATION FILED BY BOTH PARENTS HAVE NOT BEEN HELD IN A TIMELY MANNER.
 III. DENIAL OF VISITATION IN THE POULTON CASE HAS EFFECTUATED PERMANENT CUSTODY TO STARK COUNTY DEPARTMENT OF HUMAN SERVICES WITHOUT AFFORDING DUE PROCESS TO THE MOTHER, SHELLY POULTON.
 I
Appellant claims that the social worker erred in writing a case plan which did not include visitation. This court reviews only the judgment of the court, and does not review the actions of DHS in formulating a case plan. Appellant failed to appeal the temporary custody order of the court, at which time the case plan was approved and adopted.
 II and III
Appellant argues that the court erred in denying visitation, and in not timely ruling on her motions seeking visitation. Appellant failed to appeal the initial no contact order issued by the court. Further, the judgment appealed from does not issue a final order concerning visitation, but merely recites the scheduled evidentiary hearing date for her motion for visitation.
As appellant has failed to appeal a final judgment of the court as defined by R. C. 2505.02, the appeal is dismissed for want of jurisdiction.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the appeal is dismissed for want of jurisdiction.
---------------------------
---------------------------
 --------------------------- JUDGES